[Cite as *Alpha Plaza Invests., Ltd. v. Cleveland*, 2018-Ohio-486.]

# Court of Appeals of Ohio

### EIGHTH APPELLATE DISTRICT
### COUNTY OF CUYAHOGA

---

### JOURNAL ENTRY AND OPINION
### No. 105419

---

# ALPHA PLAZA INVESTMENTS, LTD.

### PLAINTIFF-APPELLEE

vs.

# CITY OF CLEVELAND

### DEFENDANT-APPELLANT

---

### JUDGMENT:
## AFFIRMED

---

Civil Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CV-16-862542

**BEFORE:** Jones, J., McCormack, P.J., and E.T. Gallagher, J.

**RELEASED AND JOURNALIZED:** February 8, 2018

**ATTORNEYS FOR APPELLANT**

Barbara A. Langhenry
Director of Law

BY:   L. Stewart Hastings
          John Patrick Lynch Mills
Assistant Directors of Law
601 Lakeside Avenue, Room 106
Cleveland, Ohio 44114


**ATTORNEY FOR APPELLEE**

John R. Christie
Lewis, Brisbois, Gisgaard & Smith, L.L.P.
1375 East 9th Street, Suite 2250
Cleveland, Ohio 44114

LARRY A. JONES, SR., J.:

**{¶1}** In this appeal, defendant-appellant the city of Cleveland, division of water, appeals the trial court's January 2017 judgment denying its motion for summary judgment based on immunity. For the reasons that follow, we affirm.

## I.  Factual and Procedural Background

**{¶2}** Plaintiff-appellee Alpha Plaza Investments, Ltd. ("Alpha Plaza") is the landlord for commercial property located in Highland Heights, Ohio. The city of Cleveland provides water for the tenant businesses in Alpha Plaza.

**{¶3}** In April 2016, Alpha Plaza initiated this action against the city, asserting relief under two counts. In Count 1, Alpha Plaza alleged that, beginning in 2015, the city overcharged it for water usage at the property. It alleged that (1) it maintains "individual sub-meters for each tenant," (2) at all relevant times, the tenants' usage was consistent, and (3) two leak detection companies it hired did not find any leaks. Alpha Plaza further alleged that it informed the city of the overcharge, but the city "has refused to credit for the charges, or make any determination as to the meter and whether or not the same was functioning properly during all relevant times."

**{¶4}** In Count 2, Alpha Plaza alleged that it is "entitled to a refund or credit to its account in an amount of approximately $45,278.20, based on historical use rates and overcharges," and sought that amount in damages under the theory of unjust enrichment.

**{¶5}** The city filed a motion for summary judgment, in which it contended that it is "immune under R.C. § 2744.02 from Plaintiff's intentional tort claims of unjust

enrichment and overcharging." The city further maintained that "[e]ven if Plaintiff's overcharging claims were construed as negligence, Plaintiff cannot show that the City acted negligently in any way while providing water service to Plaintiff's retail property." Alpha Plaza opposed the city's motion. The trial court found the city's contention that Alpha Plaza's claim of overbilling was an intentional tort "curious." The court held that a "fair reading of the Complaint and knowledge of applicable law establishes that [Alpha Plaza] has pled a claim of negligence per se," for which immunity would not apply. Thus, the trial court denied the city's motion for summary judgment as it related to Alpha Plaza's claim of overbilling.

{¶6} However, the trial court found the city's motion well taken as to Alpha Plaza's unjust enrichment claim: "Equitable claims of promissory estoppel, unjust enrichment, and quantum merit are not actionable against a municipality." Trial court's January 23, 2017 judgment, citing *Sylvester Summers, Jr. Co., L.P.A. v. E. Cleveland*, 8th Dist. Cuyahoga No. 98227, 2013-Ohio-1339, ¶ 23. Accordingly, the court granted summary judgment in favor of the city on Alpha Plaza's unjust enrichment claim.

{¶7} The city now appeals, and presents the following three assignments of error for our review:

> I. The Trial Court erred in denying summary judgment to the Defendant under the statutory immunity provisions of R.C. § 2744, et seq., because Plaintiff's overbilling claim does not fall under any of the exceptions to political subdivision immunity.
>
> II. The Trial Court erred in denying summary judgment to the Defendant under the statutory immunity provisions of R.C. § 2744.02(A)(1), because Plaintiff's Complaint fails to allege that any purportedly negligent act was

performed by Defendants' employees.

III.   The Trial Court erred in denying summary judgment to the Defendant on Plaintiff's "negligence" claim because it is undisputed that Defendant's meters are functioning.

## II.   Law and Analysis

{¶8} Generally, an order denying a motion for summary judgment is not a final appealable order subject to appellate review.   However, R.C. 2744.02(C) states that "[a]n order that denies a political subdivision or an employee of a political subdivision the benefit of any alleged immunity from liability as provided in this chapter or any other provision of the law is a final order."   Further, the Ohio Supreme Court has held, "when a trial court denies a motion in which a political subdivision or its employee seeks immunity under R.C. Chapter 2744, that order denies the benefit of an alleged immunity and there is therefore a final, appealable order pursuant to R.C. 2744.02(C)."   *Hubbell v. Xenia*, 115 Ohio St.3d 77, 2007-Ohio-4839, 873 N.E.2d 878, syllabus.   Accordingly, the trial court's judgment is a final appealable order.

{¶9} This court reviews a trial court's decision on a motion for summary judgment under the de novo standard.   *Grafton v. Ohio Edison Co.*, 77 Ohio St.3d 102, 105, 671 N.E.2d 241 (1996).   Pursuant to Civ.R. 56(C), summary judgment is appropriate when: (1) there is no genuine issue of material fact; (2) the moving party is entitled to judgment as a matter of law; and (3) reasonable minds can come to but one conclusion and that conclusion is adverse to the nonmoving party, said party being entitled to have the evidence construed most strongly in his or her favor.   *Horton v. Harwick Chem. Corp.*,

73 Ohio St.3d 679, 653 N.E.2d 1196 (1995), paragraph three of the syllabus; *Zivich v. Mentor Soccer Club*, 82 Ohio St.3d 367, 370, 696 N.E.2d 201 (1998).

{¶10} The party moving for summary judgment bears the burden of showing that there is no genuine issue of material fact and that it is entitled to judgment as a matter of law. *Dresher v. Burt*, 75 Ohio St.3d 280, 292-293, 662 N.E.2d 264 (1996). If a motion for summary judgment is properly made and supported, the nonmoving party must set forth specific facts showing that there is a genuine issue for trial and may not merely rest on the allegations or denials in the pleadings. *Id.* at 294.

{¶11} The Ohio Supreme Court has set forth a three-tiered analysis to determine whether a political subdivision is immune from tort liability: the first tier is to establish immunity under R.C. 2744.02(A)(1); the second tier is to analyze whether any of the exceptions to immunity under R.C. 2744.02(B) apply; if so, then under the third tier, the political subdivision has the burden of showing that one of the defenses of R.C. 2744.03 applies. *See Cater v. Cleveland*, 83 Ohio St.3d 24, 28, 697 N.E.2d 610 (1998); *Hubbard v. Canton City School Bd. of Edn.*, 97 Ohio St.3d 451, 2002-Ohio-6718, 780 N.E.2d 543, ¶ 10-12. If a defense applies, then immunity is reinstated. *Id.*; *Fedarko v. Cleveland*, 2014-Ohio-2531, 12 N.E.3d 1254, ¶ 10-12 (8th Dist.).

**Intentional Tort or Negligence Claim**

{¶12} Alpha Plaza claims that the city is subject to liability under R.C. 2744.02(B)(2), which provides in part that "political subdivisions are liable for injury, death, or loss to person or property caused by the negligent performance of acts by their

employees with respect to proprietary functions of the political subdivisions." The city does not dispute that the maintenance and operation of a municipal corporation water supply system is a proprietary function of a political subdivision. As previously alluded to, the city's issue, as raised in its first assignment of error, is that it believes Alpha Plaza's complaint set forth an intentional tort claim, as opposed to a negligence claim.

{¶13} Upon review, we agree with the trial court that a "fair reading" of Alpha Plaza's complaint demonstrates that it was not asserting an intentional tort claim against the city. It is true that the words "negligent" or "negligence" were not used in the complaint, but it is equally true that the words "intentionally" or "knowingly" were also absent from the complaint. Moreover, after the city raised the issue in its motion, Alpha Plaza sought leave to file an amended complaint to clarify that its claims sound in negligence. That motion has not yet been ruled on, but presumably will be when the case is remanded to the trial court.

{¶14} In light of the above, the city's first assignment of error is overruled.

**Negligent Acts of a Political Subdivision or an Employee of the Political Subdivision**

{¶15} In its second assignment of error, the city maintains that even if Alpha Plaza's complaint is not found to state an intentional tort claim, it nonetheless fails to state a negligence cause of action because it is "devoid of identifying any of [the city's] employees * * *" who allegedly acted negligently. According to the city, identification of its employees is required under R.C. 2744.02(B)(2).

{¶16} It is true that subsection (2) of R.C. 2744.02(B) only mentions negligent acts

committed by a political subdivisions employees: "political subdivisions are liable for injury, death, or loss to person or property caused by the negligent performance of acts by their employees with respect to proprietary functions of the political subdivisions." But the introduction to the provision states that a "political subdivision is liable in damages in a civil action for injury, death, or loss to person or property allegedly caused by an act or omission of the *political subdivision or of any of its employees* in connection with a governmental or proprietary function." (Emphasis added.) R.C. 2744.02(B). Further, it has been "held and * * * is well recognized that a political subdivision acts through its employees." *Elston v. Howland Local Schools*, 113 Ohio St.3d 314, 2007-Ohio-2070, 865 N.E2d 845, ¶ 19, citing *Spires v. Lancaster*, 28 Ohio St.3d 76, 502 N.E.2d 614 (1986) ("'It is undeniable that the state can only act through its employees and officers.'") *Spires* at 79, quoting *Drain v. Kosydar*, 54 Ohio St.2d 49, 56, 374 N.E.2d 1253 (1978).

{¶17} Based on the above, we find the city's second assignment of error to be without merit and overrule it.

**Review of Denial of Summary Judgment Based on Merits of Case**

{¶18} In its final assignment of error, the city contends that if this court determines, as we have, that the trial court correctly found that Alpha Plaza stated a negligence claim, summary judgment was improperly granted on Alpha Plaza's claim. Alpha Plaza contends, however, that we cannot consider the merits of the case, only the issue of immunity.

{¶19} An appeal from the denial of a motion seeking judgment against a plaintiff's

claim based on sovereign immunity is limited to review of only the trial court's decision denying the political subdivision the benefit of immunity. *Windsor Realty & Mgt., Inc. v. N.E. Ohio Regional Sewer Dist.*, 2016-Ohio-4865, 68 N.E.3d 327, ¶ 15 (8th Dist.); *Reinhold v. University Hts.*, 8th Dist. Cuyahoga No. 100270, 2014-Ohio-1837, ¶ 21. In *Windsor*, for example, this court declined to consider the appellants' (the Northeast Ohio Regional Sewer District and the city of Cleveland) assignments of error relative to the trial court's denial of their motion to dismiss based on grounds other than immunity. *See id.* at ¶ 10, 13, 15-21.

**{¶20}** And in *Reinhold*, the Reinholds, University Heights residents, sued the city and two contractors used by the city claiming negligence after raw sewage backed up in their basement. The city filed a motion for judgment on the pleadings on the ground that it was immune from liability; the trial court denied its motion. The city subsequently filed a motion for summary judgment, again on the ground of immunity; that motion was also denied.

**{¶21}** The city of University Heights appealed, and this court affirmed the trial court's judgment. In response to arguments not relative to immunity that were raised by the city, this court responded, "we only have jurisdiction to decide the issue of sovereign immunity and not the issues that go to the merits of the claims." *Id.* at ¶ 21.

**{¶22}** Further, although the city's motion sought judgment not only on immunity grounds, but also on the merits of the case, the trial court did not address the merits in its judgment. "A court of appeals cannot consider [an] issue for the first time without the

trial court having had an opportunity to address the issue." *State v. Peagler*, 76 Ohio St.3d 496, 501, 668 N.E.2d 489 (1996). The city's third assignment of error is, therefore, overruled, as premature.

{¶23} Judgment affirmed. Case remanded for further proceedings.

It is ordered that appellee recover of appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the Cuyahoga County Court of Common Pleas to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

LARRY A. JONES, SR., JUDGE

TIM McCORMACK, P.J., and
EILEEN T. GALLAGHER, J., CONCUR