[Cite as *Morton v. Murray*, 2018-Ohio-5178.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
No. 106759

**J. ALEX MORTON**

PLAINTIFF-APPELLANT

vs.

**W. CHRISTOPHER MURRAY, II, ET AL.**

DEFENDANTS-APPELLEES

**JUDGMENT:**
AFFIRMED

Civil Appeal from the
Cleveland Heights Municipal Court
Case No. CVF 1600571

**BEFORE:** Stewart, J., Kilbane, P.J., and McCormack, J.

**RELEASED AND JOURNALIZED:** December 20, 2018

**FOR APPELLANT**

J. Alex Morton, pro se
5247 Wilson Mills Road, Suite 334
Richmond Heights, OH 44143


**ATTORNEYS FOR APPELLEES**

Michael C. O'Malley
Cuyahoga County Prosecutor

Mark R. Greenfield
Assistant County Prosecutor
Justice Center, 9th Floor
1200 Ontario Street
Cleveland, OH 44113

John M. McCarty
14805 Detroit Avenue, Suite 500-3
Lakewood, OH 44107

MELODY J. STEWART, J.:

{¶1} Plaintiff-appellant J. Alex Morton claimed that his legal work before the board of revision led to a reduction of real estate taxes for property owned by Nancy and Thomas Ross. The Rosses, however, had been delinquent in paying property taxes at the rate applicable before the reassessment, so Cuyahoga County Treasurer W. Christopher Murray obtained a tax lien on their property and then sold the tax lien to Lakeview Holding, L.L.C. Morton brought this suit against both the treasurer and Lakeview for unjust enrichment, seeking to recover his attorney fee from the "fund of money" created from the Rosses' property tax reduction.

{¶2} The court granted summary judgment to the treasurer because the treasurer could only credit tax overpayment to the person who overpaid the taxes, and Morton stipulated that he never paid any tax on the property. The court denied Morton's motion for summary judgment against Lakeview and conducted a trial on the unjust enrichment claims. It then granted judgment to Lakeview because Morton did not work for Lakeview and did not confer a benefit upon it. The court also found that, with respect to Morton's work in obtaining a reassessment on the property, he did not have any agreement to provide the Rosses with legal services. Morton appeals.

I. Summary Judgment Against the Treasurer

{¶3} Morton's first assignment of error complains that the court erred by granting summary judgment to the treasurer. He maintains that the court ignored the fact that his claims against the treasurer were not based upon quasi-contract, but based on the fact that the treasurer was in possession of overpaid taxes on the property, making the treasurer a person needed for just adjudication of his unjust enrichment claim against Lakeview.

{¶4} Contrary to Morton's assertions, his first amended complaint states a claim of unjust enrichment against the treasurer — he styled the complaint as "First Amended Complaint for Unjust Enrichment." He also alleged that the treasurer was in possession of approximately $12,000 that had been "created due to the legal services of Morton," that the treasurer "has no legal right to the entire Fund; and has refused Morton's request to distribute the portion of such Fund to Morton in an amount equal to the reasonable attorney's [sic] fees of Morton for legal services rendered to create such Fund." Morton alleged that his legal services had created a fund of money that benefitted some persons, "however the Treasurer is not one of such persons." The amended complaint then lists the elements of unjust enrichment and that, because those elements of unjust enrichment existed, Morton was entitled to recover his legal fee "under the theory of quantum meruit."

{¶5} Putting aside Morton's misapprehension that quantum meruit is a form of damages for unjust enrichment, *see United States Health Practices v. Blake*, 10th Dist. Franklin No. 00AP-1002, 2001 Ohio App. LEXIS 1291, 5 (Mar. 22, 2001) (although similar claims, quantum meruit and unjust enrichment differ in the way their damages are calculated), the treasurer argues that the county is immune from assertions that rely on equity. We agree; the law is clear that a county, like a municipality, cannot be held liable for unjust enrichment.[1] *See NaphCare, Inc. v. Cty. Council of Summit Cty. Ohio*, 9th District Summit No. 24906, 2010-Ohio-4458, ¶ 23. *See also Alpha Plaza Invests., Ltd. v. Cleveland*, 8th Dist. Cuyahoga No. 105419, 2018-Ohio-486, ¶ 6 (equitable claims of promissory estoppel, unjust enrichment, and quantum meruit are not actionable against a municipality). Morton did not further amend his complaint to assert any other claim against the treasurer, so he is confined to the unjust enrichment claim he raised in his complaint. His complaint cannot be enlarged absent additional amendment. *See Flower v. Brunswick City School Dist. Bd. of Edn.*, 2015-Ohio-2620, 34 N.E.3d 973, ¶ 35 (9th Dist.) (appellate review limited by "narrow way" in which plaintiff framed a complaint).

---

[1]Even though the county treasurer is an individual, he acts as the county's representative and was sued in his official capacity, so an action naming the treasurer is akin to suing the county.

**{¶6}** Even if the treasurer could be held liable for unjust enrichment, the court did not err by finding that Morton had no right to any overpayment of real estate taxes because the credit for overpayment belongs to the person who made the payment. *See* R.C. 5715.22 ("If after such credit has been made, there remains any balance of such overpayment, or if there are no taxes, assessments, or charges due from such person, upon application of the person overpaying such taxes the auditor shall forthwith draw a warrant on the county treasurer in favor of the person who has made such overpayment for the amount of such balance."). Morton stipulated that he "has not made a payment to the Defendant Treasurer of/for the real estate taxes" pertaining to the subject property. As a matter of law, that stipulation bars his claim that he had any right to an overpayment of real estate taxes. The court did not err by granting summary judgment to the treasurer. *See* Civ.R. 56(C).

## II. Judgment in Favor of Lakeview

**{¶7}** Morton next argues that the court erred by finding that Lakeview was not unjustly enriched by his legal services and entering judgment against him.[2] He claims, alternatively, that the court erred by refusing to grant his motion for a directed verdict at the close of his opening statement and that the court erred by rendering final judgment for Lakeview after all of the evidence had been heard.

---

[2] Morton also argues that the court erred by refusing to grant his motion for summary judgment against Lakeview, but that motion was rendered moot by the subsequent judgment, issued after a trial, in favor of Lakeview. *Continental Ins. Co. v. Whittington*, 71 Ohio St.3d 150, 642 N.E.2d 615 (1994), syllabus ("Any error by a trial court in denying a motion for summary judgment is rendered moot or harmless if a subsequent trial on the same issues raised in the motion demonstrates that there were genuine issues of material fact supporting a judgment in favor of the party against whom the motion was made").

**{¶8}** "A motion for a directed verdict may be on the opening statement of the opponent[.]" Civ.R. 50(A)(1). Similar to a Civ.R. 56 motion for summary judgment, a motion for a directed verdict can only be granted if, after construing the evidence most favorably to the nonmoving party, reasonable minds could come to but one conclusion upon the evidence submitted. *See* Civ.R. 50(A)(4). Obviously, a motion for a directed verdict made at the close of an opponent's opening statement will not include any evidence because opening statements of counsel are not considered evidence. *L&N Partnership v. Lakeside Forest Assn.*, 183 Ohio App.3d 125, 2009-Ohio-2987, 916 N.E.2d 500, ¶ 38 (10th Dist.). "Only if the opening statement shows that a party is completely unable to sustain a cause of action should the court take the case away from the jury by directing a verdict." *Parrish v. Jones*, 138 Ohio St.3d 23, 2013-Ohio-5224, 3 N.E.3d 155, ¶ 32. The court should "'exercise great caution'" when deciding to grant a motion for a directed verdict on the opening statement of counsel. *Id*., at paragraph one of the syllabus, quoting *Brinkmoeller v. Wilson*, 41 Ohio St.2d 223, 325 N.E.2d 233 (1975), syllabus.

**{¶9}** Morton claimed that he was entitled to a directed verdict after opening statements (Lakeview told the court that it had "no intent to present today" and did not make an opening statement) because he believed he had established a prima facie case for liability in his motion for summary judgment, especially since Lakeview did not oppose his motion for summary judgment. He told the court that "I think I'm entitled to a directed verdict, at this point, based on all of the evidence presented on the Motion for Summary Judgment."

{¶10} Although no evidence will have been presented during opening statements, a trial judge may, but does not have to, consider the pleadings when ruling on a motion for a directed verdict made after opening statements. *Parrish* at paragraph two of the syllabus. A motion for summary judgment is not a pleading. *See* Civ.R. 7(A); *Premium Bev. Supply, Ltd. v. TBK Prod. Works, Inc*., 10th Dist. Franklin No. 15AP-495, 2016-Ohio-174, ¶ 12. The trial court could not consider Morton's motion for summary judgment when ruling on the motion for a directed verdict. It follows that there was no basis whatsoever for Morton's motion for a directed verdict made at the close of opening statement and the court did not err by denying it and continuing with the trial.

{¶11} Finally, we find no error in the court's decision to grant judgment to Lakeview because Morton had no viable claim of unjust enrichment. The court found as a matter of fact that "the taxes for 'The Property' were not paid by the property owners (the Rosses) or by anyone else for tax year 2011." As with the claims against the treasurer, any overpayment of taxes must be credited to the person who made the overpayment. Morton did not make any payment on the taxes, so he had no right to collect any overpayment. In addition, Morton acknowledged in cross-examination that "[i]f [the Rosses] have not paid the taxes, then I would have to get [his attorney fee] from them."

**{¶12}** The court identified a second basis for granting judgment to Lakeview — that Morton had no equitable right to claim against the overpayment in order to recoup his legal fee because he failed to establish that he had any attorney-client relationship with the Rosses. Although Morton and the treasurer stipulated that "the Rosses retained Plaintiff as legal counsel for the purpose of filing a tax valuation complaint * * *," Lakeview did not join that stipulation and was not bound by it. And Morton's trial testimony contradicted his assertion that he had been retained by the Rosses — when asked if had a retainer agreement with the Rosses, Morton replied, "No, I didn't." He claimed that he dealt with the Rosses through a third person who "said he was their property manager." Morton stated that he and the property manager had "an agreement" and conceded that he never had a conversation with the Rosses in which they agreed to Morton's representation. By conceding that he had not been retained by the Rosses, Morton failed to show the existence of an attorney-client relationship that would entitle him to make an equitable claim for his unpaid attorney fee.

**{¶13}** Judgment affirmed.

It is ordered that appellees recover of appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the Cleveland Heights Municipal Court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
MELODY J. STEWART, JUDGE

MARY EILEEN KILBANE, P.J., and
TIM McCORMACK, J., CONCUR