[Cite as *Dean v. Cuyahoga Cty. Fiscal Office*, 2019-Ohio-5115.]

## COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

BRANDON M. DEAN,                          :

      Plaintiff-Appellant/          :
      Cross-Appellee,                                    No. 107824

                              :

  v.                                       :

CUYAHOGA COUNTY FISCAL
OFFICE, ET AL.,                           :

      Defendants-Appellee/          :
      Cross-Appellant.

---

### JOURNAL ENTRY AND OPINION

**JUDGMENT:** AFFIRMED
**RELEASED AND JOURNALIZED:** December 12, 2019

---

Civil Appeal from the Cuyahoga County Court of Common Pleas
Case No. CV-18-900581

---

### *Appearances:*

Slater & Zurz, L.L.P., and Martin S. Delahunty, III, *for appellant*.

Michael C. O'Malley, Cuyahoga County Prosecuting Attorney, and Mark R. Greenfield, Assistant Prosecuting Attorney, *for appellees*.

FRANK D. CELEBREZZE, JR., J.:

{¶ 1} This cause came to be heard upon the accelerated calendar pursuant to App.R. 11.1 and Loc.R. 11.1. Plaintiff-appellant, Brandon Dean[1] ("appellant"), brings the instant appeal challenging the trial court's judgment granting defendants-appellees, Cuyahoga County Fiscal Office and Cuyahoga County Treasurer's (collectively "appellees") motion to dismiss. Appellant argues that the trial court erred when it granted appellees' motion to dismiss for failure to state a claim. After a thorough review of the record and law, this court affirms.

## I. Factual and Procedural History

{¶ 2} Appellant is the current owner of two residential condominium units located within the Grande Arcade Condominium complex located at 408 West Saint Clair Avenue in downtown Cleveland. Appellant owns Unit 322 (assigned Parcel ID 101-09-356) and Unit 323 (assigned Parcel ID 101-09-357). Appellant purchased these units on November 27, 2017, from Scott Dilyard and Susan Joy for a purchase price of $285,000 per unit. Dilyard and Joy purchased these units on September 3, 2003, from West Sixth Associates Limited Partnership.

{¶ 3} At the time of the purchase by Dilyard and Joy, each unit consisted of one bedroom and one bathroom. Sometime after the 2003 purchase, Dilyard and Joy combined the two apartment units into a single unit consisting of two bedrooms and two bathrooms. Dilyard and Joy had purchased the two parcels for a total of

---

[1] Appellant is an attorney licensed to practice law in Ohio. Appellant filed all actions in the trial court pro se. On appeal, appellant is represented by counsel.

$254,900, and these units were sold to Dilyard and Joy as part of a single transaction. The purchase price of each individual unit was recorded in the Cuyahoga County Recorder's Office as $254, 900.

{¶ 4} In 2016, appellant attempted to purchase both units but was unable to obtain the necessary financing for the purchase. Appellant asserts that he was unable to obtain financing because of a "property tax issue" that was not resolved. Appellant attributed this "property tax issue" to having two separate parcel numbers for a single unit. Appellant argued that unless the parcels were combined and a new parcel number was created, this "property tax issue" would persist. Appellant asserted that the total purchase price for both units was erroneously associated with each individual unit. Essentially, appellant asserted he was paying twice the price for the purchase of a single unit.

{¶ 5} Appellant attempted to remedy the error in order to obtain financing for the purchase and apparently agreed to handle the "property tax issue" with the Board of Revision. Appellant had proposed to combine the parcels, creating a single new parcel number. Further, appellant sought to use the 2017 appraisal of $285,000 as the new property value for future taxation purposes for the proposed new single parcel number.

{¶ 6} A hearing was held on September 5, 2017, at the Board of Revision. At that time, appellant presented his arguments of what he characterized as the "property tax issue" and incorrect property valuations to the Board of Revision. On September 13, 2017, the Board of Revision issued a decision and found Unit 322 to

be valued at $228,700, and Unit 323 to be valued at $228,100. Appellant did not file an appeal of this decision either to the Board of Tax Appeals or to the trial court. Appellant then on November 27, 2017, purchased both units for $285,000 each, for a total purchase price of $570,000 for both units.

{¶ 7} On July 11, 2018, appellant filed a complaint in the Cuyahoga County Court of Common Pleas asserting (1) a claim against appellees of unjust enrichment, and (2) seeking a declaratory judgment. Appellant also named four John Does as defendants. The complaint alleged that appellees were overpaid approximately $60,000 in property taxes from September 2003 through December 2017. Appellant sought reimbursement of the overpayment in property taxes through the unjust enrichment and declaratory judgment claims.

{¶ 8} On September 9, 2018, appellees filed a joint motion to dismiss for failure to state a claim pursuant to Civ.R. 12(B)(6). Appellees argued that appellant did not have standing to bring his action because appellant's complaint failed to allege that he was responsible for and paid property taxes from 2003 to 2017. Appellees also argued that Ohio law does not recognize a claim against a political subdivision for unjust enrichment. Appellees argued that appellant's action was an attempt at a mandamus action, and because his complaint did not allege that he paid property taxes for the timeframe at issue, appellant's action was barred by the express language of R.C. 2723.01. R.C. 2723.01 confers jurisdiction to the common pleas court over actions to recover overpayment of property taxes if "the action is brought within one year after the taxes or assessment are collected." Appellees

further argued that appellant's complaint was barred because he did not allege that he filed a written protest and notice of intention to sue when the property taxes were paid as required by R.C. 2723.03.

{¶ 9} On September 14, 2018, appellant filed a response to appellees' motion to dismiss, a motion seeking to amend the complaint in which appellant attached a proposed amended complaint, and a motion for default judgment.[2]  In appellant's motion to amend the complaint, appellant attempted to add a mandamus claim pursuant to R.C. 2731.05.  In his proposed mandamus action, appellant argued that each unit's separately listed purchase price of $254,900 was a "clerical error." Through this proposed mandamus action, appellant argued that appellees were required to bring the "clerical error" to the attention of the Board of Revision. Appellant sought an action in mandamus in the trial court seeking an order from the trial court directing the Board of Revision to correct this asserted clerical error.

{¶ 10} On September 26, 2018, the trial court issued a journal entry granting appellees' joint motion to dismiss and denying appellant's motion seeking to file an amended complaint.  In its journal entry, the trial court noted the following:

> [Appellant's] motion to amend the complaint does not address any of the jurisdictional deficiencies outlined in [appellees'] motion to dismiss.  Rather, it merely seeks to add a mandamus action.  But the essence of the [appellant's] original complaint was a mandamus action to obtain an order against [appellees] to adjust [appellant's] property taxes in accordance with [appellant's] claims.  In substance there is no difference between [appellant's] originally filed complaint and the amended one he seeks to put before the court.  This court does not have

---

[2] Appellant additionally filed a second response to appellees' motion to dismiss on September 18, 2018 reiterating many of his arguments in his September 14, 2018 response to appellees' motion to dismiss.

jurisdiction to entertain the claims of [appellant's] complaint or those in his proposed amended complaint. As a result the motion to amend the complaint in the precise ways he seeks to amend it is denied.

{¶ 11} Appellant filed a notice of appeal on October 18, 2018. On October 25, 2018, this court, sua sponte, dismissed appellant's appeal for lack of a final, appealable order because the trial court failed to enter judgment against the four John Doe defendants. Upon remand, appellant filed a motion voluntarily dismissing the claims against the four John Doe defendants without prejudice pursuant to Civ.R. 41. On November 20, 2018, the trial court entered a final judgment.

{¶ 12} On November 20, 2018, appellant filed a motion to reinstate his appeal, and on November 26, 2018, this court granted appellant's motion.

{¶ 13} Appellant assigns one error for our review.

I. The trial court erred in granting [a]ppellees' [m]otion to [d]ismiss for [f]ailure to [s]tate a [c]laim.

Although the trial court granted their motion to dismiss, appellees cross-appealed and assign three errors for our review.

I. The trial [c]ourt erred in failing to grant [a]ppellees' motion to dismiss [appellant's] complaint on the ground[s] that [a]ppellant lacked standing.

II. The trial court erred in failing to grant [a]ppellees' motion to dismiss [a]ppellant's complaint on the grounds that each of the [c]ounty [a]ppellees are immune from suit pursuant to [R.C. 2744.01.]

III. The trial [c]ourt erred in failing to grant [a]ppellees' motion to dismiss [a]ppellant's complaint on the grounds that [a]ppellant failed to utilize the special statutory procedure mandated pursuant to R.C. 5715.19.

## II. Law and Analysis

{¶ 14} In appellant's sole assignment of error, he argues that the trial court erred when it granted appellees' motion to dismiss.

{¶ 15} A Civ.R. 12(B)(6) motion to dismiss for failure to state a claim assesses the sufficiency of the complaint. *Vetor v. Cliffs Natural Resources, Inc.*, 8th Dist. Cuyahoga No. 104023, 2016-Ohio-5846, ¶ 8, citing *Assn. for the Defense of Washington Local School Dist. v. Kiger*, 42 Ohio St.3d 116, 537 N.E.2d 1292 (1989). A trial court's review of a Civ.R. 12(B)(6) motion to dismiss is limited to the four corners of the complaint along with any documents properly attached to or incorporated within the complaint. *Glazer v. Chase Home Fin. L.L.C.*, 8th Dist. Cuyahoga Nos. 99875 and 99736, 2013-Ohio-5589, ¶ 38.

{¶ 16} It is a long-standing principle that a plaintiff is not required to provide his or her case within the complaint at the pleading stage. *York v. Ohio State Hwy. Patrol*, 60 Ohio St.3d 143, 144-145, 573 N.E.2d 1063 (1991). "Consequently, as long as there is a set of facts, consistent with the plaintiff's complaint, which would allow the plaintiff to recover, the court may not grant a defendant's motion to dismiss." *Id.*

{¶ 17} In our review of a Civ.R. 12(B)(6) motion to dismiss, we must accept the material allegations of the complaint as true and make all reasonable inferences in favor of the plaintiff. *Jenkins v. Cleveland*, 8th Dist. Cuyahoga No. 104768, 2017-Ohio-1054, ¶ 8, citing *Johnson v. Microsoft Corp.*, 106 Ohio St.3d 278, 2005-Ohio-4985, 834 N.E.2d 791, ¶ 6. "Furthermore, we must undertake an independent

analysis without deference to the lower court's decision." *Id.*, quoting *Hendrickson v. Haven Place, Inc.,* 8th Dist. Cuyahoga No. 100816, 2014-Ohio-3726, ¶ 12. For a party to ultimately prevail on the motion, it must appear from the face of the complaint that the plaintiff can prove no set of facts that would justify a trial court granting relief. *Id.*, citing *O'Brien v. Univ. Community Tenants Union, Inc.*, 42 Ohio St.2d 242, 245, 327 N.E.2d 753 (1975).

{¶ 18} In the instant case, appellant argues that the trial court erred in granting appellees' motion to dismiss because it viewed his complaint as his "first request to adjust property taxes." Appellant's brief at 6.

{¶ 19} We find no merit to appellant's arguments, and find that appellant's complaint failed to allege a claim upon which relief could have been granted. As such, we affirm the trial court's dismissal of appellant's complaint, and find that the additional grounds for dismissal of appellant's complaint asserted in appellees' cross-appeal are moot.

{¶ 20} As an initial matter, we note that appellant brought this action in the trial court seeking reimbursement for the alleged overpayment of property taxes paid from 2003 through 2017. Appellant's action was based on the alleged erroneous property tax valuations of the two units purchased by Dilyard and Joy. Most importantly, appellant did not own the units until November 27, 2017. As such, we must determine whether appellant has standing to bring the current action.

> Standing is required to invoke the jurisdiction of the common pleas court. Pursuant to Civ.R. 82, the Rules of Civil Procedure do not extend the jurisdiction of the courts of this state, and a common pleas court

cannot substitute a real party in interest for another party if no party with standing has invoked its jurisdiction in the first instance.

*Fed. Home Loan Mtge. Corp. v. Schwartzwald*, 134 Ohio St.3d 13, 2012-Ohio-5017, 979 N.E.2d 1214, ¶ 38; *see also CitiMortgage, Inc. v. Patterson*, 2012-Ohio-5894, 984 N.E.2d 392, ¶ 12-18 (8th Dist.).

{¶ 21} In order to demonstrate standing, a plaintiff must show the presence of three factors: "(1) an injury that is (2) fairly traceable to the defendant's allegedly unlawful conduct, and (3) [the injury] is likely to be redressed by the requested relief." *Moore v. Middletown*, 133 Ohio St.3d 55, 2012-Ohio-3897, 975 N.E.2d 977, ¶ 22. A person with standing has a real interest in the subject matter of the lawsuit. *Schwartzwald* at ¶ 22.

{¶ 22} In the instant case, we find that appellant was not the real party in interest because he did not own the property nor did appellant pay the taxes from 2003 to 2017. As such, appellant lacks standing to bring his unjust enrichment claim and declaratory judgment action.

{¶ 23} Assuming appellant had actually paid the property taxes, appellant's action would nevertheless fail because appellant did not assert that he filed a written protest and notice of intention to sue as required by R.C. Chapter 2723. In particular, R.C. 2723.03 provides, in relevant part:

> Action to enjoin the collection of taxes and assessments must be brought against the officer whose duty it is to collect them. * * * If a plaintiff in an action to recover taxes or assessments, or both, alleges and proves that he [or she] * * *, at the time of paying such taxes or assessments, filed a written protest as to the portion sought to be recovered, specifying the nature of his claim as to the illegality thereof,

together with notice of his intention to sue under sections 2723.01 to 2723.05, inclusive, of the Revised Code, such action shall not be dismissed on the ground that the taxes or assessments, sought to be recovered, were voluntarily paid.

In the instant case, because appellant failed to assert that he actually paid the property taxes under protest, he has failed to preserve his right to pursue the recovery of the alleged overpaid taxes as required by R.C. 2723.03. As such, even if appellant had paid the property taxes, his complaint is barred by his failure to comply with the requirements of R.C. 2723.03.

{¶ 24} With regard to appellant's unjust enrichment claim, this claim fails as a matter of law because appellees, an agency of the county, is an extension of a municipality. A municipality cannot be sued for an unjust enrichment claim. *Morton v. Murray*, 8th Dist. Cuyahoga No. 106759, 2018-Ohio-5178, ¶ 5. *See also Alpha Plaza Invests., Ltd. v. Cleveland*, 2018-Ohio-486, 105 N.E.3d 680, ¶ 6 (8th Dist.) (noting that equitable claims, such as unjust enrichment, are not actionable against a municipality).

{¶ 25} Furthermore, even if appellees *could* be held liable for unjust enrichment, appellant would have no right to any overpayment of real estate taxes because the credit for overpayment belongs to the party who made the payment. *Morton* at ¶ 6, citing R.C. 5715.22. Such a credit for overpayment is specifically defined in R.C. 5715.22, which states:

> If after such credit has been made, there remains any balance of such overpayment, or if there are no taxes, assessments, or charges due from such person, upon application of the person overpaying such taxes the auditor shall forthwith draw a warrant on the county treasurer in favor

of the person who has made such overpayment for the amount of such balance.

{¶ 26} Turning next to appellant's declaratory judgment action, we note that "[d]eclaratory, injunctive, and mandamus actions are inappropriate to obtain a reduction of taxable value of real property." *Withintime, Inc., v. Cuyahoga Cty. Fiscal Officer*, 8th Dist. Cuyahoga No. 103482, 2016-Ohio-2944, ¶ 15. As this court has previously noted,

> "Because Chapters 5715 and 5717 of the Ohio Revised Code establish special statutory procedures for testing the valuation and assessment of real property for tax purposes, declaratory judgment is an inappropriate remedy which should not be granted as an alternative to these statutory procedures." *State ex rel. Iris Sales Co. v. Voinovich*, 43 Ohio App.2d 18, 23, 332 N.E.2d 79 (8th Dist.1975). "Declaratory relief should not be granted where a special statutory proceeding has been provided for that purpose." *Id. See also Schomaeker v. First Natl. Bank of Ottaw*a, 66 Ohio St.2d 304, 421 N.E.2d 530 (1981); *Driscoll v. Austintown Assocs.*, 42 Ohio St.2d 263, 328 N.E.2d 395 (1975). "The circumvention of these special statutory procedures [set forth in R.C. Chapters 5715 and 5719] would nullify the legislative intent to have specialized tax questions initially determined by boards and agencies specifically designed and created for that purpose." *Iris* at 23. "'[A]ctions for declaratory judgment and injunction are inappropriate where special statutory proceedings would be bypassed.'" *Transky v. Ohio Civil Rights Comm.,* 193 Ohio App.3d 354, 2011-Ohio-1865, 951 N.E.2d 1106, ¶ 40 (11th Dist.), quoting *State ex rel. Albright v. Delaware Cty. Court of Common Pleas*, 60 Ohio St.3d 40, 42, 572 N.E.2d 1387 [(1991)].

*Id.*

{¶ 27} Notwithstanding appellant's obstacles described above, in support of appellant's argument that he has standing and is able to bring an action in the trial court for the overpayment of property taxes, appellant directs this court's attention to *Musial Offices, Ltd. v. Cuyahoga*, 2014-Ohio-602, 8 N.E.3d 992 (8th Dist.). In

*Musial Offices,* the plaintiffs filed an original action in common pleas court seeking to *enforce* the Board of Revision's property tax valuation. This court noted that the *Musial Offices* plaintiffs were not challenging the Board of Revision's valuation of its property. *Id.* at ¶ 16. Therefore, because appellant did not file an original action in the common pleas court to *enforce* a valuation by the Board of Revision, his reliance on *Musial Offices* is misplaced.

{¶ 28} R.C. Chapter 5717 sets forth a specific procedure for the appeal of decisions from a county board of revision. Such an appeal can be made to either the Board of Tax Appeals, pursuant to R.C. 5717.01, or to the Court of Common Pleas in which the property is located, pursuant to R.C. 5717.05. Neither chapter authorizes the trial court to hear a valuation dispute involving property valuations for tax purposes unless the matter is before the court on an appeal from the Board of Revision pursuant to R.C. 5717.01 and 5717.05. Thus, the trial court does not have original jurisdiction to hear property tax valuation cases.

{¶ 29} In the instant case, on September 13, 2017, the Board of Revision issued a decision finding that Unit 322 was to be valued at $228,700 and Unit 323 was to be valued at $228,100. Included in this decision was a notice that stated that "[p]ursuant to Ohio Revised Code sections 5717.01 and 5717.05, this decision may be appealed directly to the Board of Tax Appeals or Court of Common Pleas within 30 days of the date of mailing of this letter." Appellant's proper remedy was to file an appeal pursuant to R.C. 5717.011 either to the Board of Tax Appeals or the Court of Common Pleas within 30 days of the Board of Revision's September 13, 2017

decision. Instead, appellant filed an original action in the trial court approximately ten months later on July 11, 2018.

{¶ 30} To the extent that appellant argues that this matter hinges on a clerical error, we disagree. Quite simply, appellant is unequivocally attempting to challenge the tax valuation of property during a timeframe in which he did not own the property. Assuming appellant did own the property during this timeframe, in order to obtain the relief in which appellant seeks, he was required to comply with the statutorily prescribed administrative proceedings for tax valuation disputes. Because appellant failed to seek relief properly through the administrative proceedings, the trial court did not err in granting appellees' motion to dismiss.

{¶ 31} Based on the foregoing analysis, the trial court did not err in granting appellees' motion to dismiss the complaint for failure to state a claim pursuant to Civ.R. 12(B)(6).

{¶ 32} Accordingly, appellant's sole assignment of error is overruled.

### III. Conclusion

{¶ 33} Appellant did not own the property from 2003 to 2017 nor did appellant make the property tax payments during that timeframe, and thus, appellant does not have standing to bring any claim for reimbursement from the alleged overpayment of property taxes. Even assuming appellant did own the property during the timeframe, equitable claims, such as unjust enrichment, are not actionable against municipalities, thus appellant's unjust enrichment claims fail as a matter of law. Appellant failed to file a timely appeal from the Board of Revision's

September 13, 2017 decision either to the Board of Tax Appeals or the trial court pursuant to R.C. 5717.011. Accordingly, the trial court did not err in granting appellees' motion to dismiss for failure to state a claim.

**{¶ 34}** Having addressed appellees' arguments presented in their cross-appeal within our analysis of appellant's sole assignment of error, we find that appellees' cross-appeal is moot.

**{¶ 35}** Judgment affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate be sent to said court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____

FRANK D. CELEBREZZE, JR., JUDGE

EILEEN T. GALLAGHER, P.J., and
LARRY A. JONES, SR., J., CONCUR