[Cite as *Doe v. Cuyahoga Community College*, 2024-Ohio-3113.]

# COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

| | | |
|---|---|---|
| JOHN DOE 1, | : | |
| Plaintiff-Appellee, | : | No. 113530 |
| v. | : | |
| CUYAHOGA COUNTY COMMUNITY COLLEGE, ET AL., | : | |
| | : | |
| Defendants-Appellees. | : | |
| [Appeal by Charlene Brown and Phillip Williams, | : | |
| Defendants-Appellants.] | : | |

JOURNAL ENTRY AND OPINION

**JUDGMENT:** AFFIRMED
**RELEASED AND JOURNALIZED:** August 15, 2024

Civil Appeal from the Cuyahoga County Common Pleas Court
Case Nos. CV-20-936872 and CV-22-963208

## *Appearances:*

Lowe Scott Fisher Co. LPA, Kyle B. Melling, and Ryan H. Fisher, *for appellee* John Doe 1.

Taft Stettinius & Hollister LLP, Ronald D. Holman, II, and Cary M. Snyder, *for appellants.*

MICHELLE J. SHEEHAN, P.J.:

{¶ 1} Defendants-appellants Charlene Brown and Phillip Williams, dance teachers at Cuyahoga County Community College ("Tri-C"), appeal from the judgment of the trial court denying their Civ.R. (12)(B)(6) motion to dismiss. Plaintiff-appellee John Doe was a 17-year-old student at Tri-C's dance program. After a dance rehearsal, he was sexually assaulted by Terence Greene, another teacher at the dance program. John Doe alleged appellants knew of Greene's past history of sexual abuse against minors yet took no action to protect the students at the dance program. Applying Ohio's liberal pleading standard and construing all factual allegations as true and making all reasonable inferences in favor of the plaintiff, we are unable to conclude that John Doe's complaint against appellants should be dismissed for failure to state a claim upon which relief can be granted. Accordingly, we affirm the trial court's judgment.

**Factual Background**

{¶ 2} Beginning in 1999, Greene worked as the dance director at the Cleveland School of the Arts ("CSA") in the Cleveland Metropolitan School District. In 2002, an allegation surfaced from a 14-year-old CSA student that Greene sexually assaulted him. The allegation resulted in an indictment against Greene in September 2003. He was charged with four counts of unlawful sexual conduct with a minor. The indictment was reported in the Cleveland Plain Dealer. However, he was acquitted on all counts after a bench trial. After his acquittal, Greene continued

to teach at CSA until 2014, when two former students came forward with allegations that Greene engaged in criminal sexual contact with them when he was their teacher. On September 10, 2014, Greene was terminated from his job at CSA.

{¶ 3} In addition to the CSA students, an allegation of improper sexual conduct was also made by a nephew of Greene. In December 2011, he filed a police report alleging that, beginning in 1985, when he was seven, Greene began to sexually assault him. The police report stated that Greene engaged in oral and anal sex with the alleged victim from 1985 to 2011. No formal charges resulted from the allegations, however.

{¶ 4} A year after he was terminated from CSA, in September 2015, Greene applied to Tri-C for a job as a dance instructor in its Creative Arts Academy. Greene's application stated that he left CSA because he "started his own company and pursued other job opportunities."

{¶ 5} After receiving Greene's application, Amber Smith, a Human Resources Representative at Tri-C, requested a basic background check on Greene from Truescreen, a screening company. On October 2, 2015, Truescreen sent a report to Tri-C, indicating that Greene left CSA because "[he] was terminated." Regarding his eligibility for rehiring, the report indicates: "No. The subject had allegations with students." The report also contains an additional comment: "Please note we have received a negative response . . . regarding the subject's reason for

leaving and/or eligibility for re-hire."  Greene's departure from CSA is highlighted with a red "X."

{¶ 6}  Despite the warning, on October 8, 2015, seven days after Truescreen transmitted the report, Amber Smith sent a letter to Greene confirming an offer of employment for a part-time position as a dance instructor, contingent upon "satisfactory completion of a background clearance and drug screen."  Greene accepted the offer and began to teach at Tri-C.

{¶ 7}  In February 2017, a letter from Amber Smith offered Greene the full-time position of "Program Manager Dance Mastery," again contingent upon the satisfactory completion of a background clearance and drug test.  Greene worked in that position until he was terminated in January 2022 due to the instant incident involving John Doe.

{¶ 8}  John Doe enrolled in the dance program in Tri-C's Creative Arts Academy in 2015, when he was around 13 or 14 years old.  The program was a daily, after-school program running from 4:30 p.m. to 9:00 p.m. on weekdays.  John Doe was a student at the beginner level until 2018, when he was promoted to the intermediate level and Greene became his primary dance instructor.

{¶ 9}  On October 17, 2019, after an evening rehearsal for an upcoming show in Philadelphia, Greene and Charlene Brown took several students out for pizza.  Greene parked his vehicle at Tri-C and drove Charlene Brown and John Doe to the restaurant in Brown's vehicle.  After dinner, Greene drove John Doe and

Brown back to Tri-C. John Doe then got into Greene's vehicle for Greene to drive him home. During the ride, Greene told John Doe that he would take him to Greene's house to teach him a gospel dance. Upon arrival, Greene told John Doe to go to his "dance studio" in the basement and to take off his outer clothes. Once in the basement, Greene, 53 at the time, sexually assaulted John Doe. He performed oral sex on John Doe and then sodomized him without a condom; Greene allegedly had been infected with the HIV virus. He told John Doe not to tell anyone what had happened. Within days, John Doe quit the dance program and quit dancing.

{¶ 10} Sometime in January 2020, John Doe revealed the incident to his former high school advisor, who then reported the assault to Cuyahoga County Child Protective Services and John Doe's mother. On January 11, 2020, John Doe's mother filed a police report. On January 22, 2020, Tri-C terminated Greene's employment.

**Procedural History**

{¶ 11} In September 2020, John Doe filed a complaint in Cuyahoga C.P. No. CV-20-936872 against Tri-C and three administrators.[1] He asserted a claim of breach of contract against Tri-C. He also asserted negligent, wanton, and reckless

---

[1] The administrators named as defendants in the 2020 complaint are Emanuela Friscioni, Director of the Creative Performing Arts Academy at Tri-C; Amber Smith, a Human Resources Representative; Paul Cox, Dean of the Tri-C Creative Arts Department (which includes the Creative Arts Academy); and Greene.

conduct against Tri-C and the administrators, alleging that the administrators' failure to review the background check on Greene resulted in harm to him.

{¶ 12} Tri-C and the administrators filed a motion to dismiss the complaint, claiming they are immune from liability pursuant to R.C. 2744.01 et seq., Ohio's Political Subdivision Tort Liability Act. The trial court dismissed the tort claims against Tri-C on immunity grounds but denied the motion to dismiss regarding the claims against the administrators. The administrators appealed the trial court's decision to this court. In February 2022, this court affirmed the trial court's judgment denying the motion to dismiss regarding the administrators. *Doe v. Cuyahoga Cty. Community College*, 2022-Ohio-527 (8th Dist.), *appeal not accepted*, 2022-Ohio-2047.

{¶ 13} Several months after this court affirmed the trial court's decision, on May 9, 2022, John Doe filed another complaint in Cuyahoga C.P. No. CV-22-963208. The second complaint asserted three federal claims pursuant to Title IX, 20 U.S.C. 1681, and 42 U.S.C. 1983 against Tri-C and the administrators. The second complaint also named three additional defendants: Charlene Brown, Antonio Brown, and Phillip Williams, dance teachers who worked with Greene when Greene served as the Program Manager at the Creative Arts Academy.

{¶ 14} John Doe asserts three state claims against these new defendants: violations of R.C. 2151.421 (duty to report child abuse or neglect), negligence or

reckless conduct, and intentional infliction of emotional distress ("IIED"). John Doe alleges that

> [u]pon information and belief, Defendants Charlene Brown, Phillip Williams, and Antonio Brown all had individual, specific knowledge of Defendant Terence Greene's past sexual assaults of minor children, and thus had knowledge or reasonable cause to suspect that children under his care as a teacher would face substantial threat of suffering from future abuse.

{¶ 15} As John Doe alleges, despite their awareness of Greene's history of sexual abuse, they failed to "undertak[e] any investigation or tak[e] any action whatsoever, in response to their knowledge and/or reasonable cause to suspect that Defendant Greene posed a substantial threat to minor children, including Plaintiff." Based on these allegations, John Doe claims the new defendants "intentionally, recklessly, wilfully, and wantonly" breached their duty under R.C. 2151.421, as well as their common law duty to protect his safety.

{¶ 16} In July 2022, the case was removed to the U.S. District Court for the Northern District of Ohio. The defendants then moved to dismiss all claims under Fed.R.Civ.P. 12(b)(6). On February 10, 2023, the federal court dismissed the federal claims and remanded the case to the common pleas court for a resolution of the state claims. *Doe v. Cuyahoga Cty. Community College*, 655 F. Supp.3d 669 (N.D.Ohio 2023).

{¶ 17} Upon remand, the trial court consolidated the two complaints. Thereafter, Charlene Brown and Phillip Willams (collectively as "appellants"

hereinafter) moved to dismiss the remaining state claims (violations of R.C. 2151.421, "negligence or reckless conduct," and IIED.[2]

{¶ 18} Appellants do not dispute the occurrence of the sexual assault but argue that they are immune pursuant to R.C. 2744.03(A)(6). Specifically, they argue that the complaint fails to plead sufficient facts indicating their knowledge of Greene's prior misconduct, which would be necessary to trigger a duty upon which both John Doe's R.C. 2151.421 claim and the common law claim for reckless or wanton conduct are predicated. John Doe argues that under Ohio's notice pleading standard, his pleadings are sufficient to survive a motion to dismiss under Civ.R. 12(B)(6).

{¶ 19} The trial court denied appellants' motion to dismiss regarding all three causes of action. Appellants now appeal.[3] They raise a single assignment of error, contending that the trial court erred in denying appellant's motion to dismiss John Doe's complaint.

---

[2] Defendant Antonio Brown did not join the motion to dismiss and is not part of this appeal.

[3] As an initial matter, we note that an order denying a political subdivision or an employee of a political subdivision the benefit of an alleged immunity from liability is a final order. *Hubbell v. Xenia*, 2007-Ohio-4839, ¶ 27, citing R.C. 2744.02(C). While we lack appellate jurisdiction to consider the merits of this case, we have the jurisdiction to consider the question of whether appellants are entitled to immunity. *Alpha Plaza Invests., Ltd. v. Cleveland*, 2018-Ohio-486, ¶ 19 (8th Dist.).

**Motion to Dismiss**

{¶ 20} A Civ.R. 12(B)(6) motion to dismiss for failure to state a claim upon which relief can be granted tests the sufficiency of a complaint. *Assn. for Defense of Washington Local School Dist. v. Kiger*, 42 Ohio St.3d 116, 117 (1989). A dismissal pursuant to Civ.R. 12(B)(6) is appropriate if, after presuming the truth of all factual allegations of the complaint and making all reasonable inferences in a nonmoving party's favor, it appears beyond doubt that the nonmoving party could prove no set of facts entitling the moving party to the requested relief. *Rosen v. Celebrezze*, 2008-Ohio-853, ¶ 13. "In construing a complaint upon a motion to dismiss for failure to state a claim, we must presume that all factual allegations of the complaint are true and make all reasonable inferences in favor of the non-moving party." *Mitchell v. Lawson Milk Co.*, 40 Ohio St.3d 190, 192 (1988). Furthermore, the affirmative defense of immunity under R.C. Ch. 2744 may be the basis of a dismissal under Civ.R. 12(B)(6). *Main v. Lima*, 2015-Ohio-2572, ¶ 15 (3d Dist.). On appeal, we review the trial court's decision regarding a Civ.R. 12(B)(6) motion de novo. *Perrysburg Twp. v. Rossford*, 2004-Ohio-4362.

**Exceptions to Political Employee Immunity and Notice Pleading**

{¶ 21} It is undisputed Tri-C is a political subdivision. *See Duncan v. Cuyahoga Community College*, 2012-Ohio-1949 (8th Dist.); R.C. 2744.01(F). Pursuant to R.C. Ch. 2744, an employee of a political subdivision is immune from liability with three exceptions. Pertinent to this case, an employee of a political

subdivision is liable if his or her "acts or omissions were with malicious purpose, in bad faith, or in a wanton or reckless manner," R.C. 2744.03(A)(6)(b), or, when "[c]ivil liability is expressly imposed upon the employee by a section of the Revised Code." R.C. 2744.03(A)(6)(c).

{¶ 22} Regarding the exception under R.C. 2744.03(A)(6)(b), John Doe claims that appellants are not immune because they "intentionally, recklessly, willfully and wantonly" breached their duty as his teachers to protect him by ignoring or assisting in concealing the substantial risk of harm Greene posed to the students. Regarding the statutory liability exception under R.C. 2744.03(A)(6)(c), John Doe claims appellants breached their duty imposed by R.C. 2151.421. R.C. 2151.421(A)(1)(a) provides, in part, that no one, such as a school teacher,

> who . . . knows, or has reasonable cause to suspect based on facts that would cause a reasonable person in a similar position to suspect, that a child under eighteen years of age . . . has suffered or faces a threat of suffering any physical or mental wound, injury, [or] disability, . . . shall fail to immediately report that knowledge or reasonable cause to suspect to [the proper entity].

{¶ 23} Both the statutory claim and the common law claim asserted by John Doe are predicated on appellants' awareness of Greene's prior sexual abuse of minors. The issue for our determination on appeal is whether John Doe adequately pleaded appellants' knowledge, which is necessary to trigger their duty to act. Appellants argue that John Doe's bare assertion that "[u]pon information and belief" Brown and Wiliams "had individual, specific knowledge of [Greene's] past

sexual assault of minor children" does not sufficiently allege their knowledge of Greene's past history of sexual abuse for purposes of a motion to dismiss. John Doe argues that his allegation is sufficient to survive a motion to dismiss under Ohio's liberal notice-pleading standard.

{¶ 24} Ohio is a notice-pleading state. *Wells Fargo Bank N.A. v. Horn*, 2015-Ohio-1484, ¶ 13. "Notice pleading," rather than "fact pleading," is required under Ohio Civil Rules. *Lisboa v. Tramer*, 2012-Ohio-1549, ¶ 27 (8th Dist.), citing *Salamon v. Taft Broadcasting Co.*, 16 Ohio App.3d 336, 338 (1st Dist. 1984). "'Notice pleadings' under Civ.R. 8(A) and 8(E) merely require that a claim concisely set forth only those operative facts sufficient to give 'fair notice of the nature of the action.'" *Id.* quoting *DeVore v. Mut. of Omaha Ins. Co.*, 32 Ohio App.2d 36, 38 (7th Dist. 1972). "[O]utside of a few specific circumstances, such as claims involving fraud or mistake, *see* Civ.R. 9(B), a party will not be expected to plead a claim with particularity." *Maternal Grandmother, ADMR v. Hamilton Cty. Dept. of Job & Family Servs.*, 2021-Ohio-4096, ¶ 10.

{¶ 25} In *Maternal Grandmother*, a case involving a wrongful death claim against the case workers for a failure to perform their duties in ignoring the abuser's history, the Supreme Court of Ohio held that the claims against political subdivisions are not subject to a heightened pleading standard. *Id.* at ¶ 1. The Court stated that in such cases, the general pleading rules still apply and noted that

"[m]alice, intent, knowledge, and other condition of mind of a person may be averred generally.'" *Id.* at ¶ 11, quoting Civ.R. 9(B).

**{¶ 26}** Here, to prevail in his common law and statutory claims, John Doe must establish appellants' knowledge of Greene's past misconduct. John Doe alleges in the complaint that Greene's indictment regarding his sexual offenses against his student at CSA in 2003 was reported in the newspaper; Greene began teaching dance at Creative Arts Academy in 2015, a year after he was terminated from his job at CSA. Construing those facts and all reasonable inferences in John Doe's favor, we cannot say that it is beyond doubt that John Doe can prove no set of facts that would entitle him to relief. Under Ohio's liberal pleading standard, the facts as pleaded by John Doe are sufficient to withstand a motion to dismiss.[4]

---

[4] Appellants assert on appeal that the federal court in *Doe,* 655 F. Supp. 3d 669, found that "no one at the College" had actual or constructive notice of abusive sexual conduct by Greene until plaintiff reported it in January 2020. Our review of the case indicates the federal court made no such finding regarding appellants. While discussing *Tri-C*'s liability for John Doe's federal claim under 42 U.S.C. 1983, the federal court stated that plaintiff must establish:

> (1) the existence of a clear and persistent pattern of sexual abuse by school employees; (2) notice or constructive notice on the part of the school; (3) the school's tacit approval of the unconstitutional conduct, such that deliberate indifference in its failure to act can be said to amount to an official policy of inaction; and (4) that the school's custom was the "moving force" or direct causal link in the constitutional deprivation.

Regarding these elements, the federal court made the following findings:

> The Court has already determined that there are no plausible allegations of a persistent pattern of sexual abuse by the Tri-C employee, Terence Greene. Even with a liberal reading of the Complaint, Defendant Tri-C had no actual

**Intentional Infliction of Emotional Distress ("IIED")**

{¶ 27} Similarly, taking John Doe's allegation as true for purposes of a Civ.R. 12(B) motion, we do not find the trial court erred in denying appellant's motion to dismiss John Doe's claim of IIED. Such a claim requires the plaintiff to prove:

> (1) the defendant either intended to cause emotional distress, *or knew or should have known* that its conduct would result in serious emotional distress to the plaintiff; (2) the defendant's conduct was so extreme and outrageous as to go beyond all possible bounds of decency and was such that it can be considered utterly intolerable in a civilized community; (3) the defendant's actions proximately caused psychological injury to the plaintiff; and (4) the plaintiff suffered serious emotional distress of a nature no reasonable person could be expected to endure.

(Emphasis added.) *Rousana v. Nationwide Gen. Ins. Co.*, 2023-Ohio-3796, ¶ 35 (8th Dist.).

{¶ 28} Appellants argue that the complaint does not plead this cause of action with sufficient particularity to survive a motion for dismissal. As we note in the foregoing, a plaintiff is usually not required to plead with particularity outside of

---

or constructive notice of abusive sexual conduct by Defendant Greene until Plaintiff reported it in January of 2020. The failure or neglect to pursue investigation of Defendant Greene's prior employment history does not rise as a matter of law to the level of official policy or custom. With Plaintiff's skeletal claims, the Court cannot conclude that any Tri-C policy or custom is a "moving force" or causal link to constitutional deprivation of Plaintiff's rights.

Our reading indicates that the federal court was referring to a lack of "persistent pattern of sexual abuse" by Greene within Tri-C regarding John Doe's federal claim. The court made no findings regarding any of the state claims asserted against appellants.

cases involving fraud and mistake.  Assuming appellants had been aware of Greene's past history of sexual misconduct with minors, as John Doe pleads, their failure to take any action to protect the students from possible sexual abuse by Greene could be considered under certain circumstances as "outrageous" and "utterly intolerable" and the resulting emotional distress would be such that "no reasonable person could be expected to endure."  Therefore, we cannot conclude that it appears beyond doubt that John Doe could prove no set of facts entitling him to the requested relief regarding the IIED claim.[5]

{¶ 29} Our decision is based on the principle that "a plaintiff is not required to prove his or her case at the pleading stage." *York v. Ohio State Hwy. Patrol*, 60 Ohio St.3d 143, 144-145 (1991).  A plaintiff such as John Doe alleging reckless and wanton conduct by a political subdivision employee is not held to a heightened pleading standard.  *Maternal Grandmother*, 2021-Ohio-4096, at ¶ 1 and 17. We

---

[5] Appellants cite *Yankovitz v. Greater Cleveland Regional Transit Auth*., 2023-Ohio-2584 (8th Dist.), for the proposition that "a mere allegation of intentional conduct by employees of a political subdivision is not sufficient to strip them of their entitlement to immunity for an IIED claim." That case does not stand for that proposition, however. There, an RTA maintenance worker sued RTA and his supervisors for employment discrimination and IIED because he needed painkillers after a surgery and RTA's drug test requirement prevented him from returning to his job.  This court considered the five exceptions to the general grant of immunity to political subdivisions enumerated in R.C. 2744.02(B)(1)-(5) and found none of the exceptions applied to reinstate liability regarding plaintiff's IIED claim; this court  noted in addition that under R.C. 2744.02, political subdivisions are immune from intentional torts.  *Id*. at ¶ 39.  *Yankovitz* is inapposite because the instant case concerns liability of political subdivision employees and the application of R.C. 2744.03(A)(6)(b) (A political subdivision employee is immune unless "[t]he employee's acts or omissions were with malicious purpose, in bad faith, or in a wanton or reckless manner[.]").

emphasize, however, that our decision has no bearing on the ultimate merits of the case. The sole assignment of error is overruled and the trial court's judgment is affirmed.

{¶ 30} Judgment affirmed.

It is ordered that appellee recover of appellants costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.


_____
MICHELLE J. SHEEHAN, PRESIDING JUDGE

ANITA LASTER MAYS, J., and
FRANK DANIEL CELEBREZZE, III, J., CONCUR